**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas TIERNEY, Patrick Tierney,
Defendants-Appellants.**

**Nos. 22191, 22191–A.**

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1971.

Rehearing Denied Nov. 3, 1971.

Robert J. Vars (argued), Sherman Oaks, Cal., for defendants-appellants.

Elgin Edwards, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal by two of three defendants from judgments of conviction— Patrick Tierney on Count Three of a multi-count indictment, and Thomas Tierney on Counts Three, Seven and Eight. All defendants were charged with using the mails to promote the sale of military surplus equipment, knowing the representations made were false.

The co-defendant Shea has heretofore been convicted in the same trial, and his conviction affirmed by this Court, acting through a different panel, on a separate appeal.[1]

Errors urged on this appeal are four in number:

One, an inadequate transcript requires reversal; two, a failure to grant a mistrial, based on denial of adequate counsel; three, that the admission of Shea's "confession" violated the Tierneys' right of cross-examination secured by the confrontation clause, under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); four, the failure to suppress evidence seized in Brazil and delivered to United States authorities.

 As to the first alleged error, we are satisfied that the trial court has settled the transcript of proceedings in an adequate manner, and as well as is possible under the circumstances existing herein, where certain portions of the Reporter's Transcript are missing. Little aid was received from appellants' counsel, and much of that which was missing relates to testimony with respect to

Shea's statements, already held admissible in the original Shea opinion, supra, as to him.

 As to the second alleged error, the request to declare a mistrial was based only on appellants' counsel's statement to the court that he was the attorney of record for a witness (one Donald Dean Davidson) in a pending criminal matter in the state courts of California. Counsel for defendant Shea (Mr. White) also had represented Davidson in a counterfeiting case for which he was then serving time.

The witness was first carefully admonished by the trial court that he (Davidson) could always assert his claim of privilege as to any communication to his attorney, or waive it, and could always assert his right to refuse to answer if he were fearful the answer might incriminate him. (R.T. 664 to 667; Cross, 677–681).

Davidson testified that Thomas Tierney was familiar with "the Brazilian brochure" (Ex. 1); had discussed it with him; and had given the witness a typewriter (looking like Ex. 7) to get rid of; that Davidson, acting through a friend had pawned the typewriter for $25.00 in Los Angeles and identified the pawn-ticket (Ex. 6-A).

On cross-examination as to other possible crimes known to his attorney, the witness claimed his privilege, and was not forced to disclose any information which he thought might incriminate him.

Thereafter, Mr. Vars, then attorney for Thomas Tierney (and for both Tierneys on this appeal), cross-examined Davidson (R.T. 786–816) with a considerable latitude allowed him by the trial judge. There followed cross-examination by Mr. Brown (counsel for Shea) of the witness Davidson—likewise with wide latitude granted the cross-examiner

1. Cf. United States v. Darrell Shea, 436 F.2d 740 (1970) and United States v. Darrell Shea (Supplementary Opinion, 445 F.2d 856, 1971). In the Shea appeal, as in this, it was necessary to remand the matter back to the district court for additional, or for the clarification of, findings. This has been done, in both matters. This resulted in the Supplementary Opinion in Shea, which is here unnecessary because this panel remanded prior to hearing the appeal.

(R.T. 816–821). Davidson was then subjected to redirect examination and re-cross (R.T. 825–829). Despite this vigorous cross-examination, the jury apparently chose to believe Davidson and not Thomas Tierney, as to Thomas's participation in and what he knew about, the mail fraud.

The claim there was the slightest restriction by any court ruling of any defense counsel's cross-examination of Davidson borders on the absurd. The record amply demonstrates such assertion is not true. We find no error.

■ Claimed error number three (that the admission of Shea's "confession" violated the Tierneys' right of cross-examination secured by the right of confrontation under the *Bruton* rule), is likewise without merit. Far from a "confession", Shea's statement was an exculpatory statement. The only reference to Thomas Tierney was that Shea worked for Thomas for some period of time in Los Angeles and Las Vegas. Thomas himself testified to that fact on direct examination. (R.T. 1095).

Shea's statement also made reference to Patrick's statement he had received moneys from a third party to pay for printing and mailing. It is urged the jury could have understood this "third party" reference was to Tom Tierney. But Shea named the third party—one "Prentiss". Again, Thomas Tierney on direct examination testified as to the existence of this Mr. Prentiss, as the man who "sold" Patrick Tierney into going to South America to arrange and accomplish the arms and surplus equipment sales (R.T. 1097, Vol. 2, p. 10). Thomas Tierney didn't know where Prentis (or Prentice) was, nor how to describe him.

Thus, the admission of the Shea statement did not contradict the testimony of any other defendant, or require them to testify to refute any statement implicating them.

■ With respect to the fourth alleged error, this was likewise considered in the original Shea opinion, and was held not error as to Shea on two grounds —the first a question of standing, *i. e.*, because the search of *Tierney's* room in Brazil did not violate *Shea's* rights; and on a second ground because the record "supports the finding of the trial judge that the arrest and search were made by Brazilian authorities, and that there was no substantial American [2] participation." This is the law of the case, and under the authorities cited in the Shea opinion on the second ground, we are required to affirm the ruling of the trial court.

■■ Appellants further urge that the burden of proof on the motion to suppress was erroneously placed on the defendants, yet recognize that the burden of proof to establish a *prima facie* case showing of illegality is, under Federal Rule of Criminal Procedure 41(e), on such defendants. We disagree with defendants that such a *prima facie* case has been made out when they prove Brazilian police did not follow the constitutional law of the United States. The public policy behind the exclusion of evidence found inadmissible under this country's search and seizure laws does not extend to the education of foreign police, or officers of another sovereign state, in their searches within their own jurisdiction.

Appellants urge that the degree of American participation in the Brazilian search is the sole and crucial test. The district court here found the extent of any American participation was "not substantial". A separate panel of this Court in *Shea, supra,* agreed. And we likewise agree.

Affirmed.

---

2. The word "American" is probably not the best word to use in this context, but without question it refers to alleged participation by representatives of the United States of America.