937 F.2d 614
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel RIOS, Defendant-Appellant.
 
 1
 No. 89-30005.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted May 8, 1991.
Decided June 28, 1991.
 
 3
 Before EUGENE A. WRIGHT and O'SCANNLAIN, Circuit Judges, and MACBRIDE,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Daniel Rios appeals his convictions on drug charges. He argues that the district court erred in admitting evidence related to taped telephone conversations. Specifically, he challenges: (1) voice identification testimony, (2) transcripts of the conversations identifying speakers, and (3) expert testimony interpreting code words in the conversations. We affirm.
 
 DISCUSSION
 
 6
 * Rios argues that admitting taped conversations and transcripts identifying him as a speaker instead of playing the tapes violates the best evidence rule.
 
 
 7
 Under the best evidence rule, the original recording is required to prove the contents of a tape recording. Fed.R.Evid. 1002. The contents of these tapes were conversations. Both their contents and the fact that the conversations occurred were proved through transcripts.
 
 
 8
 The best evidence rule does not apply where the tapes are offered to identify rather than to prove the contents of the tapes. Fed.R.Evid. 1002; Fed.R.Evid. 901(b)(5). Nor does the fact that the original tapes were available as evidence raise a best evidence issue. See United States v. Gonzalez-Benitez, 537 F.2d 1051, 1053 (9th Cir.), cert. denied, 429 U.S. 923 (1976) (the rule does not set up an order of preferred admissibility).
 
 
 9
 O'Neill had talked to Rios prior to this investigation and had heard Rios' voice "under circumstances connecting it with the alleged speaker." See Fed.R.Evid. 901(b)(5). His testimony was admissible and was sufficient to establish that Rios spoke on the tapes. The court did not err in allowing O'Neill to testify instead of playing the tapes.
 
 II
 
 10
 Rios argues that it was error to admit transcripts bearing his name beside his purported telephone conversations because the jury might consider these attributions as further evidence of the speaker's controverted identity.
 
 
 11
 Assuming without deciding that Rios properly objected to the transcripts at trial, we find no abuse of discretion in admitting them. A court may admit transcripts with speaker attributions where the transcripts are properly authenticated and the jury is aware that the defendant contests identification. See United States v. Lopez-Pena, 912 F.2d 1536, 1540 (1st Cir.1989), reheard on other grounds, 912 F.2d 1552 (1st Cir.1990) (en banc); United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir.1988).
 
 
 12
 The jury knew that Rios disputed the voice identification through counsel's opening statement and cross-examination of O'Neill. The method of supplying the speaker attributions was detailed for the jurors, enabling them to evaluate its reliability. Under these circumstances, admitting the transcripts was not an abuse of discretion.
 
 
 13
 Rios also argues that the court should have instructed the jury that the tapes, not the transcripts, were the real evidence. His counsel did not request such an instruction. In the absence of a request, the failure to give it is not plain error. United States v. Tornabene, 687 F.2d 312, 317 (9th Cir.1982).
 
 III
 
 14
 Rios appeals the admission of O'Neill's testimony interpreting code words. The government says that another panel's decision in United States v. Miranda, 920 F.2d 937 (9th Cir.1990), is the law of the case. See United States v. Tierney, 448 F.2d 37, 39 (9th Cir.1971) (one co-defendant's appeal established law of the case for suppression issue later raised in different appeal by two other co-defendants who were convicted in the same trial). We exercise our discretion and reconsider the issue. See United States v. Houser, 804 F.2d 565, 567 (9th Cir.1986). We affirm the admission of O'Neill's testimony for the reasons cited in Miranda.
 
 
 15
 Rios alleges error in allowing O'Neill to testify after each transcript was read. Given the number of calls, defendants and charges, we find no abuse of discretion. See Fed.R.Evid. 611(a).
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3