967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MARINO-BIARREAL, Defendant-Appellant.
 No. 89-50444.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided June 25, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Marino-Biarreal (Marino) appeals his conviction of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and possession of 10 kilograms of cocaine with the intent to distribute, in violation of 18 U.S.C. § 841(a)(1). We affirm.
 
 FACTS
 
 3
 Marino was indicted with codefendants Jesse Arzate and Macario Garcia following an undercover operation by the San Fernando Police Department. Undercover agents observed Marino arrive at Arzate's apartment complex in a yellow Cadillac and then follow Arzate into the complex. Agent Halcon observed Marino watching the narcotics sale taking place between the codefendants and the undercover agents. After the cocaine had been displayed, the officers arrested all three defendants. The agents searched Marino and found a business card in his wallet with the numbers "127,500" and "10" written on it.
 
 
 4
 The three defendants filed severance motions, which were denied by the district court. The denial of the motion in Garcia's case was affirmed by this court. United States v. Garcia, No. 89-50551 (9th Cir. Feb. 7, 1991) (memorandum disposition), cert. denied, --- U.S. ----, 111 S.Ct. 1403, 113 L.Ed.2d 458 (1991). Marino was found guilty and sentenced to 240 months imprisonment.
 
 DISCUSSION
 I. Severance
 
 5
 The district court did not abuse its discretion in denying Marino's motion for severance. Persons jointly indicted generally should be jointly tried. United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir.1986). A severance may be granted due to antagonistic defenses if there is a showing of mutual exclusivity--"the acceptance of one party's defense will preclude the acquittal of the other party." United States v. Valles-Valencia, 811 F.2d 1232, 1238 (9th Cir.) (citation omitted), amended on other grounds, 823 F.2d 382 (1987); Polizzi, 801 F.2d at 1554.
 
 
 6
 Marino's defense at trial was mistaken identity. He argued that he had loaned the car to "Ruben" and was merely present at the scene of the cocaine sale because he was picking up his car and that Ruben was responsible for the cocaine being in the car. Garcia's defense was entrapment by the confidential informant and the undercover agent, and he blamed Arzate as the transaction's organizer. Arzate claimed that Garcia was the organizer of the deal, and that he did not even see Marino on the day of the arrest until after the arrest took place.
 
 
 7
 This court has already determined that Garcia's and Marino's defenses were not mutually exclusive. Garcia, No. 89-50551. Pursuant to the "law of the case" doctrine, this panel will not reconsider that determination. See Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir.1991); Kimball v. Callahan, 590 F.2d 768, 771 (9th Cir.), cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). When a defendant is ultimately convicted in the same trial as his codefendants, an appellate decision in a codefendant's appeal is the "law of the case" in the defendant's appeal. See United States v. Tierney, 448 F.2d 37, 38-39 (9th Cir.1971); cf. United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990); United States v. Maybusher, 735 F.2d 366, 370 (9th Cir.1984), cert. denied, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985).
 
 
 8
 Moreover, Arzate's defense cannot possibly be mutually exclusive of Marino's defense. Arzate's testimony that Garcia was the organizer and denial that he saw Marino actually supports Marino's defense.
 
 
 9
 Thus, the district court did not abuse its discretion in denying Marino's severance motion.
 
 II. Admission of Business Card
 
 10
 The district court properly found that the business card was circumstantial evidence, probative of Marino's involvement in the drug transaction. See United States v. Jaramillo-Suarez, 950 F.2d 1378, 1383 (9th Cir.1991); United States v. Bernal, 719 F.2d 1475, 1478 (9th Cir.1983). The card was relevant evidence. Its location and numbers suggested its connection to the transaction. The district court did not abuse its discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3