990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Jerome WHEELER, Defendant-Appellant.
 No. 90-50593.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 1, 1993.
Decided April 5, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Keith J. Wheeler appeals his jury conviction for conspiracy to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and his sentence imposed by the district court under the Sentencing Guidelines. We affirm.
 
 
 3
 This appeal arises from the jury trial of Wheeler and six codefendants for conspiracy to distribute and possess with intent to distribute 43 kilograms of cocaine. Police agents watched Wheeler meet with codefendants Donald Young, Daniel Wu and Charles Black in the garage of Wu's apartment building. The four men carried boxes to and from the garage and the apartment. Wheeler and Young were arrested after they drove out of the garage in a blue Pontiac. The police found cocaine in the trunk of the car.
 
 I.
 
 4
 At trial, Young moved the court to suppress the 41 kilograms of cocaine found in the car on the grounds that he had not consented to the search. Wheeler joined in that motion. Wheeler now appeals the district court's denial of the motion to suppress.
 
 
 5
 In codefendant Young's appeal of the denial of the motion to suppress, we have already affirmed on the grounds that the district court was not clearly erroneous in ruling that the police testimony about the two men's consent to the search was more credible than Young's. United States v. Black, No. 90-50523 (9th Cir. Nov. 17, 1992).
 
 
 6
 The law of the case applies to codefendants in the same trial and governs our decision here. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991); United States v. Tierney, 448 F.2d 37, 39 (9th Cir.1971). Wheeler did not testify at the suppression hearing, and he joined in Young's motion. The motion to suppress is the same as that affirmed by this court in United States v. Black, supra. The basis for Wheeler's appeal--that the consent was not voluntary given the circumstances of the search--was already considered and rejected by this court in Black. The material facts and the evidentiary record are the same for both defendants so that there is no basis for distinguishing between Young and Wheeler. We therefore affirm the denial of the motion to suppress.
 
 II.
 
 7
 The Federal Rules of Evidence allow the court to admit "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). The district court must "find by a preponderance of the evidence that the statement was made during and in furtherance of the alleged conspiracy." United States v. Garza, 980 F.2d 546, 553 (9th Cir.1992). The district court was not clearly erroneous in ruling that Wu's statements to Agent Penalosa were made in furtherance of the conspiracy.
 
 
 8
 The coconspirators' statements can be admitted only if "there is 'sufficient, substantial evidence' apart from [the statements] to establish a prima facie case of conspiracy and defendant's slight connection therewith." United States v. Zemek, 634 F.2d 1159, 1170 (9th Cir.1980) (quoting United States v. Weiner, 578 F.2d 757, 768-69 (9th Cir.) cert. denied, 439 U.S. 981 (1978)). The evidence of the conspiracy included police testimony about appellant's participation in the cocaine transaction in the garage. The evidence was sufficient here and the coconspirators' statements were properly admitted.
 
 III.
 
 9
 A variance in the indictment occurs when the prosecution proves different facts from the facts alleged in the indictment and requires reversal only if substantial rights of the defendant are affected. United States v. Pisello, 877 F.2d 762, 765 (9th Cir.1989); United States v. Von Stoll, 726 F.2d 584, 586-87 (9th Cir.1984).
 
 
 10
 Appellant argues that the evidence at trial proved not one but two conspiracies, and that the conspiracy proved at trial differs from the one alleged in the indictment. However, the evidence supports a finding of one conspiracy, the one alleged in the indictment. There was no variance between what the indictment charged and the proof at trial. The evidence was sufficient to find a single conspiracy. See United States v. Bibbero, 749 F.2d 581, 586-87 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985).
 
 IV.
 
 11
 This court reviews sufficiency of the evidence by looking at the evidence in the light most favorable to the prosecution and figuring out "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Garza, 980 F.2d 546, 552 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 12
 To support a conviction for conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective, 2) one or more acts done in furtherance of the illegal objective, and 3) the intent to commit the underlying substantive offense. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). Once there is proof of a conspiracy, evidence of only a "slight connection to the conspiracy" is sufficient to convict for participation in the conspiracy. United States v. Taylor, 802 F.2d 1108, 1116 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987).
 
 
 13
 For the possession charge, "[t]he government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the cocaine, (3) with an intent to distribute it." United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991). Possession of a large quantity of cocaine may be sufficient to infer both knowledge and intent. Id. In addition, the government must show that the defendant possessed the cocaine, and this requires "dominion and control." Id. at 489.
 
 
 14
 The evidence presented at trial, including Wheeler's participation in the transfer of boxes of cocaine in the garage, was sufficient to support conviction under both counts.
 
 V.
 
 15
 Appellant argues that the district court erred when it did not decrease his base offense level by four points as a minimal participant under section 3B1.2 of the Sentencing Guidelines.
 
 
 16
 Whether a defendant is a minimal participant is a factual question reviewable for clear error. United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). This downward adjustment should be used infrequently. Id. at 556; U.S.S.G. § 3B1.2, comment. (n. 2). Appellant argues that he was merely a passenger in Young's car, and that he was only a "strong back" who carried boxes for the other members of the conspiracy. However, given the other evidence in this case, appellant has not established by a preponderance of the evidence that he was entitled to the minimal participant reduction. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). Appellant did not establish that he was entitled to this reduction, and the district court was not clearly erroneous in refusing to apply it.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3