996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Wayne HELTON, Sr., Defendant-Appellant.
 No. 91-50163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred March 1, 1993.
Submitted March 15, 1993.
Decided June 29, 1993.
 
 Before: SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Helton, Sr. appeals his jury conviction for conspiracy, manufacture of methamphetamine, possession with intent to distribute methamphetamine and possession of ephedrine with intent to manufacture, in violation of 21 U.S.C. §§ 841(a)(1), 841(d), 846 and 18 U.S.C. § 2. Helton also appeals his sentence under the Sentencing Guidelines.
 
 
 3
 This court has already reviewed the details of this prosecution in United States v. Sitton, 968 F.2d 947 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). A Park Ranger named Wayne Westphal came across tire tracks on a dirt road at the Death Valley National Monument. When he followed the tracks, he came upon a group of men, including the defendant-appellant, Mark Helton, Sr., and five trucks. Two of the men, later identified as Allen Dewbre and Gerald "Dean" Duncan, escaped from the canyon by truck. Appellant Helton remained at the canyon.
 
 
 4
 When the two men left the area in their trucks, Ranger Westphal called for backup assistance. Upon their arrival, the Rangers smelled chemicals, and found generators, ice chests and tarps at the campsite. Large barrels and a trunk were partially buried there. The search of the canyon yielded glassware, hoses, generators, and a variety of chemicals and equipment used in the manufacture of methamphetamine. The appellant had told the police that the barrels and the trunk contained camping equipment. Helton's home was also searched after his arrest. Police found a wooden trunk that contained clamps, hoses, ziplock bags and coffee filters.
 
 
 5
 Helton was indicted on four counts. The indictment alleged conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1); manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession of ephedrine for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(d). Helton was tried along with codefendants Michael Sitton, Ronald Dewbre, Anthony Croushorn, Criciente Romero and Frank Piantadosi. Helton was convicted of all four counts in a jury trial.
 
 
 6
 We decided Helton's codefendants' appeal in Sitton. Appellant argues, as did his codefendants, that his indictment should have been dismissed because Allen Dewbre committed perjury before the grand jury. In Sitton, we ruled that the appellants were not entitled to reversal on the motion to dismiss the indictment because the perjury was not material to the defendants' indictment. "Allen Dewbre's falsehoods simply minimized the roles played by himself and an unindicted co-conspirator. They were not material to the evidence against the defendants, and therefore do not supply a basis for dismissing the indictment." 968 F.2d at 954. In addition, in response to appellants' argument that the government had an obligation to inform defense counsel of perjury, we ruled that the dismissal of the indictment was not an appropriate remedy for a violation of the government's obligation to inform. We stated that the presentation of perjured testimony is subject to harmless error analysis because it is "susceptible of quantitative assessment." Id. "If the perjured testimony is not material to the guilt or innocence of the accused, its presentation to the grand jury is necessarily harmless and does not require reversal of a conviction or dismissal of the indictment." Id.
 
 
 7
 In this appeal, we are governed by law of the case because we have already decided this issue. The law of the case applies to criminal codefendants in separate appeals. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991); United States v. Tierney, 448 F.2d 37, 39 (9th Cir.1971) (ruling on motion to suppress is governed by law of the case of appeal of codefendant). We therefore deny Helton's appeal.
 
 
 8
 At sentencing, Helton asked that his offense level be reduced by two as a minor participant in a criminal activity under U.S.S.G. § 3B1.2. The district court denied this request and imposed concurrent sentences of 188 months for counts 1-3, and 120 months for count 4, based on an offense level of 36 and a criminal history category of I. The Presentence Report did not award the downward adjustment because of "defendant's active involvement in this case and the significantly large quantity of methamphetamine that was produced."
 
 
 9
 Section 3B1.2 of the Guidelines allows a decrease in offense level:
 
 
 10
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 11
 U.S.S.G. § 3B1.2. The Commentary to the Guidelines states that "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). The Commentary states that the section governs those who are "substantially less culpable" than the average participant in the crime. U.S.S.G. § 3B1.2, comment. (backg'd). The downward adjustment for a minor participant is to be used infrequently. See United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990).
 
 
 12
 Helton argues that he played only the role of a lookout or minimal assistant, was not involved in the manufacture of methamphetamine, was not involved in the distribution of methamphetamine and did not have a percentage interest in the profits. In addition, while weapons, chemicals and laboratory equipment were found in searches of the homes of the codefendants, he states that no weapons or narcotics were ever found on his property. Nor was he linked to the storage facilities in which drugs were discovered.
 
 
 13
 However, there was evidence that Helton obtained chemicals for manufacture, possessed drug-related equipment, and participated in "cooks." Based on this testimony, the district court does not appear to be clearly erroneous in its finding that Helton was not a minor participant. See United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). The defendant did not meet his burden of proof to demonstrate by a preponderance of the evidence that he was a minor participant. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 14
 This court has ruled that a defendant is not automatically entitled to a reduction as a minor participant, even if he is less culpable than his codefendants. Andrus, 925 F.2d at 337. Moreover, the district court does not have to decide if a defendant is the least culpable of the codefendants. United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). Thus it is insignificant that one of Helton's codefendants received the reduction. We therefore affirm the sentence of the district court.
 
 
 15
 We permitted Helton to raise additional issues in a supplemental pro se brief. First, he argues that there was prosecutorial misconduct because the prosecutor brought the charges against Helton in federal, rather than state, court. However, as we stated in Sitton, "a prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that it rested on an impermissible basis, such as gender or race." 968 F.2d at 953 (citing United States v. Redondo-Lemos, 955 F.2d 1296, 1300-01 (9th Cir.1992)). There has been no such showing in this case.
 
 
 16
 Second, Helton argues that the police were without probable cause to arrest him. However, the appellant was found in the canyon surrounded by drug manufacturing equipment. It is true that his codefendants fled the scene and he did not; however, this did not free the police of suspicion as to Helton's presence there. "Probable cause exists when the police have reasonably trustworthy information sufficient to lead a prudent person to believe that the accused has committed or is committing a crime." United States v. Lim, 984 F.2d 331, 337 (9th Cir.), cert. denied, 1993 WL 150912 (1993). The police had probable cause in these circumstances.
 
 
 17
 Helton also alleges ineffective assistance of counsel. The record is not sufficiently developed to permit us to resolve this issue, and we therefore decline to review Helton's allegations in this direct appeal. United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991). In order to bring a claim of ineffective assistance of counsel, the appellant must meet the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 18
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 19
 Id. at 687. The appellant has not made this showing in this direct appeal. Even assuming there were serious deficiencies in representation, the deficiencies and their effect on the fairness of the trial are not demonstrable in this appeal. For example, Helton finally asserts his counsel did not consult with him before trial. But he can point to no evidence supporting the assertion. He also asserts he had proof that the identification of his presence in Utah was erroneous, yet such proof is not in this record. If Helton has evidence to support these assertions, it should be developed in collateral proceedings. Simas, 937 F.2d at 463.
 
 
 20
 Finally, the appellant argues that the district court erred when it gave a jury instruction on single conspiracy, and refused to give a jury instruction on multiple conspiracies. "Entitlement to an instruction on lesser-included offenses, or multiple conspiracies, exists only if the theory is 'supported by law and has some foundation in the evidence.' " United States v. Linn, 880 F.2d 209, 217 (9th Cir.1989). We subject the question of whether the evidence was sufficient to support the giving of the multiple conspiracies instruction to de novo review. United States v. Anguiano, 873 F.2d 1314, 1317 (9th Cir.), cert. denied, 493 U.S. 969 (1989). In Anguiano we stated that "even if the evidence would have supported such an instruction, the failure to give it is error only if the instructions as a whole, considered in the context of the entire trial, did not fairly and adequately cover the issues." Id.
 
 
 21
 A multiple conspiracies instruction is generally required where the indictment charges several defendants with one overall conspiracy, but the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment.
 
 
 22
 Id. The evidence at this trial was properly construed by the district court to support an instruction on single conspiracy.
 
 
 23
 Helton's conviction and sentence are therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3