9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juanita DEWEY, Defendant-Appellant.
 No. 91-10514.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Nov. 2, 1993.
 
 1
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Juanita Dewey appeals her jury conviction and sentence under the Sentencing Guidelines for conspiracy to impede the administration of justice and to file false and fraudulent documents with the Internal Revenue Service (IRS), in violation of 18 U.S.C. § 371. She contends that the indictment returned against her in Hawaii constituted double jeopardy, that the evidence was insufficient to support her conspiracy conviction, and the district court improperly calculated the loss amount attributable to her under the Sentencing Guidelines. We affirm.
 
 A. DOUBLE JEOPARDY
 
 4
 In United States v. Lorenzo, 995 F.2d 1448 (9th Cir.1993), cert. denied, No. 93-5198, 1993 WL 270273 (U.S. Oct. 4, 1993), we determined that Dewey's co-defendants had waived their double jeopardy claim by not raising it in the district court and, alternatively, that they had no valid jeopardy claim anyway. Id. at 1457-58. That constitutes the law of the case and precludes us from reconsidering the duplicative double jeopardy arguments raised by Dewey here. See Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir.1991). The law of the case doctrine applies to parallel criminal appeals like Dewey's, where the same issues have already been raised and determined in a prior appeal by a co-defendant who was tried and convicted in the same trial as the later appealing co-defendants. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991); United States v. Tierney, 448 F.2d 37, 38-39 (9th Cir.1971). Cf. United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990); United States v. Maybusher, 735 F.2d 366, 370 (9th Cir.1984), cert. denied, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). We recognize that the double jeopardy analysis for Dewey's co-defendants in Lorenzo involved comparing a North Dakota case with the Hawaii case while the double jeopardy analysis for Dewey involves comparing a Minnesota case with the Hawaii case. However, we see no relevant differences. Accordingly, we hold that Dewey's double jeopardy arguments are foreclosed by our earlier ruling in Lorenzo.
 
 
 5
 However, even if we did not apply the law of the case doctrine, Lorenzo is the law of this circuit and it establishes that Dewey waived her double jeopardy claim by failing to raise it until after her trial. See 995 F.2d at 1457-58. Beyond that, considering the merits and applying the factors outlined in United States v. Bendis, 681 F.2d 561, 564 (9th Cir.1981), cert. denied, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982) and United States v. Guzman, 852 F.2d 1117, 1119 (9th Cir.1988), we determine that because the Minnesota and Hawaii conspiracies were different there was no plain error. See Id. at 1458-59.
 
 
 6
 We decline to reach the prejudicial variance argument raised by Dewey for the first time in her reply brief. We ordinarily do not consider an issue raised for the first time in a reply brief. E.g., United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992) ("[w]e will not ordinarily consider matters that are not specifically and distinctly argued in appellant's opening brief") (internal citation and quotations omitted); see also, Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.1991) (issue raised late in reply brief would not be considered, particularly since appellant's failure to properly brief the issue "clearly misled the appellee"). Nothing mandates application of an exception to this rule in this case.
 
 B. SUFFICIENCY OF THE EVIDENCE
 
 7
 We have reviewed the record and are satisfied that there was sufficient evidence to permit a rational trier of fact to find guilt beyond a reasonable doubt. See United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 C. SENTENCING
 
 8
 Lorenzo also constitutes law of the case with regard to Dewey's sentencing argument and mandates that we reject her contentions, to the extent they mirror those previously presented by her co-defendants. Thus, to the extent Dewey argues that the loss calculation must correlate with the amount actually lost, her contention is foreclosed by Lorenzo, 995 F.2d at 1459-60.
 
 
 9
 Dewey's related argument that loss calculations under § 2F1.1 should be limited to the probable or objectively realistic amount of loss was not raised by her co-defendants in Lorenzo. We therefore address it; it lacks merit. Application Note 7 to the 1990 version of section 2F1.1 indicates that "if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss." Here there was no actual loss because the defendants were indicted before refunds were paid. Thus, the amount of the intended loss as measured by the amount the co-defendants sought in their returns (approximately $4.9 million) was the appropriate amount for the district court to use in order to determine the sentence under U.S.S.G. § 2F1.1.
 
 
 10
 Finally, we determine that the district court did not clearly err in making a factual determination that the loss amount of $4.9 million should be attributed to Dewey. "Under the Guidelines, [she] is responsible for the reasonably foreseeable conduct of [her] co-conspirators in furtherance of the execution of their jointly undertaken criminal activity." Lorenzo, 995 F.2d at 1460 (citing U.S.S.G. § 1B1.3(a)(1)(B)).
 
 
 11
 This court "is entitled to rely on information presented against [her] co-defendants in order to calculate loss." Id. (citing United States v. Notrangelo, 909 F.2d 363, 364-66 (9th Cir.1990)). In light of the evidence supporting her involvement in the charged conspiracy to submit false IRS forms and impede justice, the trial court did not clearly err by finding it reasonably foreseeable that her co-defendants would request very large refund amounts in those forms--that was the whole idea. Indeed, she anticipated that the participants in the scheme would glean millions of dollars from it, as evidenced by her comment to Brown in a taped telephone call that "whoever gets the first million" could pay her way to Hawaii. Accordingly, we affirm Dewey's sentence.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3