**NOT FOR PUBLICATION**

**FILED**

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10192 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00009-FMTG-2 |
| v. | |
| EDER J. CORTEZ-ZELAYA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted July 9, 2020
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Eder Cortez-Zelaya appeals from his convictions and sentence in connection with a conspiracy to distribute methamphetamine. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We reverse and remand for a new trial as to Counts One, Four, and Five, and for a judgment of acquittal as to Count Two.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.   In a separate appeal brought by Cortez-Zelaya's codefendant Francisco Arias, the government conceded that the district court's failure to give a specific unanimity instruction as to Count One was plain error, and our court held that the error affected Arias' substantial rights. *United States v. Arias*, 784 F. App'x 485, 487 (9th Cir. 2019) (unpublished). The government concedes that, because Cortez-Zelaya and Arias were codefendants on Count One, our decision in Arias' appeal is "the law of the case" and binding in this appeal. *United States v. Tierney*, 448 F.2d 37, 39 (9th Cir. 1971). We therefore reverse Cortez-Zelaya's conviction on Count One and remand for a new trial. *Arias*, 784 F. App'x at 488.

2.   The government also concedes that it presented insufficient evidence of money laundering to convict Cortez-Zelaya on Count Two. The government was required to prove that Cortez-Zelaya or his coconspirators "conduct[ed] . . . a financial transaction which in fact involve[d] the proceeds of specified unlawful activity"—in this case, drug proceeds. 18 U.S.C. § 1956(a). At trial, the government failed to prove that Cortez-Zelaya conducted any financial transactions involving drug proceeds as opposed to payments in advance of shipments. We therefore reverse Cortez-Zelaya's conviction on Count Two and remand for entry of a judgment of acquittal. *See United States v. Johnson*, 874 F.3d 1078, 1079 (9th Cir. 2017).

3.   Cortez-Zelaya also argues that the jury instructions for Counts Four

17-10192

and Five incorrectly described the elements of a Travel Act violation. Because Cortez-Zelaya did not object to the instructions at trial, we review for plain error. *United States v. Fuchs*, 218 F.3d 957, 961–62 (9th Cir. 2000). We exercise our discretion to correct plain error if "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

The government concedes that the district court clearly and obviously erred when it failed to require that the jury find that Cortez-Zelaya engaged in a continuous "business enterprise" rather than "sporadic casual involvement in a proscribed activity." *United States v. Donaway*, 447 F.2d 940, 944 (9th Cir. 1971). In addition, the instructions failed to require that Cortez-Zelaya committed a "subsequent overt act" following his use of the mail, instead requiring only that Cortez-Zelaya "perform[] and/or attempt[] to perform conspiracy to distribute methamphetamine." *United States v. Stafford*, 831 F.2d 1479, 1481 (9th Cir. 1987) (citation omitted). This, too, was clear and obvious error. *See id.*

These errors affected Cortez-Zelaya's substantial rights because they

materially reduced the government's burden. Under the instructions, the jury could have convicted even if it believed that the packages were isolated drug shipments, that Cortez-Zelaya had no knowledge of a larger drug distribution enterprise, that Cortez-Zelaya did not act with intent to promote that enterprise, or that Cortez-Zelaya did not commit any overt acts other than setting up bank accounts for Arias and later mailing the packages. Any of these findings should have resulted in an acquittal under the Travel Act. *Id.* Because the instructions authorized the jury to "rely on a theory it should have discarded," the instructional error affected Cortez-Zelaya's substantial rights. *United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1228–29 (9th Cir. 2017).

Furthermore, "the jury's possible reliance on a legally invalid theory constitutes a miscarriage of justice which would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1229 (internal quotation marks and citation omitted). We therefore reverse Cortez-Zelaya's convictions on Counts Four and Five for plain error and remand for a new trial.[1]

**REVERSED AND REMANDED**.

---

[1] While we reverse for instructional error, we hold that the evidence in this case was legally sufficient to justify Cortez-Zelaya's conviction on Count Five, viewing the record in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).